IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| FRANK SPENCER | : | 4:cv-08-1820 |
| | : | |
| Plaintiff | : | (Judge McClure) |
| v. | : | |
| | : | |
| MAUREEN M. KREISHER; | : | |
| CMSU, MENTAL HEALTH | : | |
| PROGRAM, | : | |
| | : | |
| Defendants. | : | |

# M E M O R A N D U M

January 15, 2009

**BACKGROUND:**

On October 2, 2008, plaintiff, Frank Spencer (hereinafter "Spencer"), commenced this action with the filing of a complaint pursuant to 42[1] U.S.C. § 1983 (Count I), along with state law tort claims of false imprisonment (Count II) and gross negligence (Count III) against defendants, Maureen M. Kreisher (hereinafter "Kreisher") and CMSU, Mental Health Program (hereinafter "CMSU").

On December 4, 2008, defendants filed a Motion to Dismiss [the] Complaint

---

[1] Plaintiff's statement of jurisdiction indicates that the § 1983 action is brought under Title 42, but count I of the complaint refers to Title 28. We assume the reference to Title 28 is a typographical error, and will construe the action as brought pursuant to Title 42.

1

Pursuant to Fed. R. Civ. P. 12(b).  (Rec. Doc. No. 8).  This motion also included a motion for a more definite statement.  (Id.)  Supporting and opposing briefs have been filed.  As the time to file a reply brief has since passed, the matter is ripe for disposition.

Now, for the following reasons, the court will dismiss plaintiff's § 1983 claim pursuant to Federal Rule of Civil Procedure 12(b)(6) and will decline to exercise supplemental jurisdiction over plaintiff's state law claims.

**DISCUSSION:**

### I.  Motion to Dismiss Standard

When considering a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the court must view all allegations stated in the complaint as true and construe all inferences in the light most favorable to plaintiff.  Hishon v. King & Spaulding, 467 U.S. 69, 73 (1984); Kost v. Kozakiewicz, 1 F.3d 176, 183 (3d Cir. 1993).  In ruling on such a motion, the court primarily considers the allegations of the pleading, but is not required to consider legal conclusions alleged in the complaint.  Kost, 1 F.3d at 183.  At the motion to dismiss stage, the court considers whether plaintiff is entitled to offer evidence to support the allegations in the complaint.  Maio v. Aetna, Inc., 221 F.3d 472, 482 (3d Cir. 2000).  A complaint should only be dismissed if, accepting as true all of the allegations in the

complaint, plaintiff has not pled enough facts to state a claim to relief that is plausible on its face. Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1960 (2007).

In considering a Rule 12(b)(6) motion, we must be mindful that federal courts require notice pleading, as opposed to the heightened standard of fact pleading. Hellmann v. Kercher, 2008 U.S. Dist. LEXIS 54882, 4 (W.D. Pa. 2008). Federal Rule of Civil Procedure 8 "'requires only a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the…claim is and the grounds on which it rests,'" Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1964, (2007) (citing Conley v. Gibson, 355 U.S. 41, 47, 78 S. Ct. 99, (1957)). However, even under this lower notice pleading standard, a plaintiff must do more than recite the elements of a cause of action, and then make a blanket assertion of an entitlement to relief under it. Hellmann, 2008 U.S. Dist. LEXIS at 4-5. Instead, a plaintiff must make a factual showing of his entitlement to relief by alleging sufficient facts that, when taken as true, suggest the required elements of a particular legal theory. Twombly, 127 S.Ct. at 1965.

The failure-to-state-a-claim standard of Rule 12(b)(6) "streamlines litigation by dispensing with needless discovery and factfinding." Neitzke v. Williams, 490 U.S. 319, 326-27 (1989). A court may dismiss a claim under Rule 12(b)(6) where

there is a "dispositive issue of law." Id. at 326. If it is beyond a doubt that the non-moving party can prove no set of facts in support of its allegations, then a claim must be dismissed "without regard to whether it is based on an outlandish legal theory or on a close but ultimately unavailing one." Id. at 327

## II. Allegations in the Complaint

Taking as true all of the allegations in the complaint, the facts are as follows:

On October 4, 2006, Spencer's wife, Maria Sanutti Spencer (hereinafter "Mrs. Spencer"), filed an application for involuntary emergency examination and treatment pursuant to Pennsylvania's Mental Health Procedures Act ( hereinafter "MHPA"), 50 P.S. § 7101 et seq. The application was filed with defendant Kreisher, who is employed by defendant CMSU as the County Administrator. Those who may be subject to involuntary emergency examination and treatment include those who pose a clear and present danger of harm to others or to himself. See 50 P.S. § 7301(a). Mrs. Spencer's application for involuntary emergency examination and treatment is attached to the complaint as Exhibit A. Mrs. Spencer's application asserted that Spencer is manic, had caused harm to her, and had cut himself.

Kreisher, acting on only the information from Mrs. Spencer, signed the application for involuntary emergency examination and treatment and issued a warrant for Spencer to be taken for examination and treatment. On October 4, 2006, a police officer advised Spencer of the warrant. Spencer demonstrated to the officer that there were no cuts, bruises, or mutilations on his body. The officer directed Spencer to voluntarily surrender to Geisinger Medical Center (hereinafter "Geisinger") within the next 24 hours.

On October 5, 2006, Spencer was admitted to Geisinger. Spencer was found to be without any cuts, bruises or mutilations of his body. However, the treating physician admitted Spencer for treatment, noting findings of pressured speech and dangerous behavior of threatening himself and others. Spencer was involuntarily committed to Geisinger for 5 days.

A. Count I: Deprivation of Civil Rights in Violation of 42 U.S.C. § 1983

42 U.S.C. § 1983 states in part,

> Every person who, under color of any statute, ordinance, regulation, custom or usage, of any State. . .subjects or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured.

In order for plaintiff to prevail under § 1983 he must establish two

elements: 1) that the conduct complained of was committed by a person acting under color of state law; and 2) that the conduct deprived plaintiff of rights, privileges, or immunities secured by the Constitution or laws of the United States. <u>Kost v. Kozakiewicz</u>, 1 F.3d 176, 184 (3d Cir. 1993). Spencer's complaint asserts that the manner in which Kreisher, acting on behalf of CMSU, issued the warrant violated his due process rights.

Under the MHPA, those who may be subject to involuntary emergency examination and treatment include those who pose "a clear and present danger of harm to others or to himself." 50 P.S. § 7301(a). "Clear and present danger to others shall be shown by establishing that within the past 30 days the person has inflicted or attempted to inflict serious bodily harm on another and that there is a reasonable probability that such conduct will be repeated." 50 P.S. § 7301(b)(1). "Clear and present danger to himself shall be shown by establishing that within the past 30 days: . . .(iii) the person has substantially mutilated himself or attempted to mutilate himself substantially and that there is the reasonable probability of mutilation unless adequate treatment is afforded under this act." 50 P.S. § 7301(b)(2)(iii). "For the purposes of this subsection, a clear and present danger shall be established by proof that the person has made threats to commit mutilation and has committed acts which are in furtherance of the threat to commit

mutilation." Id.

Spencer argues that Kreisher violated his procedural[2] due process rights because she erred in finding the application contained clear and convincing evidence to support issuing a warrant. Even if Spencer is correct that Kreisher "violated the MHPA, this would not establish a § 1983 claim". Benn v Universal Health Sys., 371 F.3d 165, 173-174 (3d Cir. 2004). "The plain language of section 1983, and underscored by the Supreme Court in Maine v. Thiboutot, 448 U.S. 1, 65 L. Ed. 2d 555, 100 S. Ct. 2502 (1980), solely supports causes of action based upon violations, under the color of state law, of federal statutory law or constitutional rights." Id. at 174 "Section 1983 does not provide a cause of action for violations of state statutes." Id.

Spencer's argument is that defendant Kreisher erred in finding that the application contained clear and convincing evidence to support the issuance of a warrant. (Rec. Doc. No. 1 at ¶ 18). In other words, Spencer argues that defendants violated procedural due process by failing to comply with the MHPA. Section 1983 does not provide a cause of action for violations of state statutes. See Benn,

---

[2]Plaintiff does not specify if this is an alleged procedural or substantive due process violation in his complaint. We presume he is making a procedural due process argument because he is not arguing that the law is invalid, but that the manner in which it was employed was incorrect.

371 F.3d at 174.

Spencer's § 1983 claim is wholly deficient as to defendant CMSU. There is no respondeat superior liability under § 1983. See Monell v. Dep't of Soc. Servs., 436 U.S. 658, 663 (1978). Spencer does not assert a policy or well settled custom of CMSU that caused constitutional injury. See id at 694. Furthermore, because Kriesher has not violated Spencer's constitutional rights, there is no liability on the part of CMSU.

Because Spencer has not stated a claim for relief as to either defendant based on 42 U.S.C. § 1983, this claim will be dismissed.

### B. Counts II and III: False Imprisonment and Gross Negligence

The second and third counts in the complaint assert the torts of false imprisonment and gross negligence. Because we are dismissing the § 1983 claim over which we have original jurisdiction, we will decline to exercise supplemental jurisdiction over the state tort law issues asserted in counts two and three of the complaint. Accordingly, we dismiss these claims pursuant to 28 U.S.C. § 1367(c)(3). These claims are dismissed without prejudice so that Spencer has the opportunity to re-file his claims in state court pursuant to the 30 day tolling period set forth in § 1367(d).

**CONCLUSION:**

For the reasons stated above, we find that plaintiff has failed to state a claim upon which relief can be granted with respect to his federal question claim presented and will dismiss it. We will decline to exercise jurisdiction over his supplemental state law claims.

  s/ James F. McClure, Jr.
James F. McClure, Jr.
United States District Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| FRANK SPENCER | : | 4:cv-08-1820 |
| | : | |
| Plaintiff | : | (Judge McClure) |
| v. | : | |
| | : | |
| MAUREEN M. KREISHER; | : | |
| CMSU, MENTAL HEALTH | : | |
| PROGRAM, | : | |
| | : | |
| Defendants. | : | |

**ORDER**

January 15, 2009

In accordance with the accompanying Memorandum, **IT IS HEREBY ORDERED THAT:**

1. Defendant's motion to dismiss is GRANTED as to plaintiff's 42 U.S.C. § 1983 claim. (Rec. Doc. No. 8).

2. The court declines to exercise jurisdiction over the state law claims and they are dismissed without prejudice. (Rec. Doc. No. 8).

3. Defendant's Motion for a More Definite Statement is DENIED as moot.  (Rec. Doc. No. 8).

4. The clerk is directed to close the case file.


    s/ James F. McClure, Jr.
James F. McClure, Jr.
United States District Judge